KAEMPFER CROWELL
Louis M. Bubala III, Bar No. 8974
50 West Liberty Street, Suite 1100
Reno, Nevada 89501
Telephone: (775) 852.3900
Fax: (775) 327-2011
Email: lbubala@kcnvlaw.com

***Attorneys for Bubblr, Inc., by its receiver, Robert Stevens***

__Filed __Received __Entered __Served On
Counsel/Parties of Record
AUG 27 2026
Clerk US District Court
District of Nevada
By: ________ Deputy

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| GHS INVESTMENTS, LLC, a Nevada Limited Liability Company,<br><br>Petitioner,<br>v.<br><br>BUBBLR, INC., a Wyoming Corporation,<br><br>Respondent. | Case No.: 3:26-ms-00005<br><br>**NOTICE OF APPOINTMENT OF RECEIVER FOR BUBBLR, INC., BY THE U.S. DISTRICT COURT FOR THE DISTRICT OF WYOMING** |

Bubblr, Inc., by its receiver, timely files notice of receivership within 10 days of entry of the order because Bubblr, Inc., has property in the District of Nevada. 28 U.S.C. § 754.

1. **Exhibit 1**, the petition for the appointment of a receiver (the complaint) in *In re Bubblr., Inc.*, Case No. 26-cv-20-ABJ (D. Wyo., Dkt. 1 filed January 16, 2026);
2. **Exhibit 2**, the amended petition (Dkt. 8 filed January 30, 2026); and
3. **Exhibit 3**, the order granting the receivership motion (Dkt. 20 entered August 18, 2026).

Exhibit 1 and 3 are reduced to 85 percent so the Nevada and Wyoming filestamps do not overlap. Exhibit 2 was obtained from Pacer, but counsel could not get it with a filestamp.

August 27, 2026

KAEMPFER CROWELL

[signature]

Louis M. Bubala III
Attorney for Bubblr, Inc.,
by its receiver, Robert Stevens

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b), I certify that I am an employee of KAEMPFER CROWELL; that I am familiar with the firm's practice of collection and processing documents for mailing; that, in accordance therewith, I caused the **NOTICE OF APPOINTMENT OF RECEIVER FOR BUBBLR, INC., BY THE U.S. DISTRICT COURT FOR THE DISTRICT OF WYOMING** to be deposited with the U.S. Postal Service at Reno, Nevada, in a sealed envelope, with first class postage prepaid on the date and to the addressee(s) shown below:

Sean M. Larson
Hathaway & Kunz, LLP
P.O. Box 1208
Cheyenne, WY 82003-1208
slarson@hkwyolaw.com
WY Counsel for Petitioner
GHS Investments, LLC

Harold R. Bruno III
Robinson Waters & O'Dorisio PC
1099 18th St., Ste. 2600
Denver, CO 80202
hbruno@rwolaw.com
WY counsel for the receiver,
Robert Stevens

Steve Morris, CEO, Bubblr, Inc.
c/o Registered Agents
30 N. Gould St., Ste. R
Sheridan, WY 82801
No counsel appeared in WY

DATED August 27, 2026

[signature]

Louis M. Bubala III
An employee of Kaempfer Crowell

**EXHIBIT INDEX**

Exhibit 1: Petition for the appointment of a receiver

Exhibit 2: Amended petition for the appointment of a receiver

Exhibit 3: Order granting the motion for appointment of a receiver for Bubblr, Inc.

# EXHIBIT 1

__Filed __Received __Entered __Served On
Counsel/Parties of Record

AUG 2 7 2026

Clerk US District Court
District of Nevada
By:________________ Deputy

EXHIBIT 1

Sean M. Larson, Wyo. Bar #7-5112
Connor J. Cassidy, Wyo. Bar #8-7270
HATHAWAY & KUNZ, LLP
P.O. Box 1208
Cheyenne, WY 82003-1208
(307) 634-7723
(307) 634-0985 (fax)
slarson@hkwyolaw.com
ccassidy@hkwyolaw.com

ATTORNEYS FOR PETITIONER

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| IN THE MATTER OF:<br>BUBBLR, INC.,<br>a Wyoming Corporation,<br><br>GHS INVESTMENTS, LLC,<br>a Nevada Limited Liability Company,<br><br>Petitioner. | ) | Case No. 1:26-CV-20 |

**PETITION FOR APPOINTMENT OF
CUSTODIAN OR RECEIVER FOR CORPORATION**

Petitioner GHS Investments, LLC ("GHS"), by and through undersigned counsel, HATHAWAY & KUNZ, LLP, submits this petition for appointment as custodian or receiver for Bubblr, Inc. ("Bubblr") as follows:

**NATURE OF THE ACTION**

This is a case concerning corporate malfeasance which adversely affects the shareholders of Bubblr, including GHS. GHS invested with Bubblr under a Securities Purchase Agreement on or about March 4, 2022 ("Agreement"). Bubblr did not honor its obligations under their Agreement with GHS. Rather, Bubblr diverted GHS's investment to salaries, did not allocate funds to the requisite purposes, defaulted on its obligations under the Agreement, and withheld conversions as required by the Agreement despite contractual maturity. Bubblr concealed or mischaracterized the

use of the proceeds from GHS. GHS communicated their concerns to Bubblr but were met with delay tactics and lack of communication. GHS's investments were, and are currently being, misappropriated for Bubblr's management's gain. Irreparable injury is being threatened or suffered as Bubblr is insolvent or in imminent danger of insolvency. As such, a custodian or receiver should be appointed immediately to prevent any such damage to the Company's shareholders, including GHS.

## PARTIES

1. GHS Investments, LLC ("GHS") is a Nevada limited liability company with its principal office address at 420 Jericho Turnpike, Suite 102, Jericho, NY, United States. GHS's Members are domiciled in New York and Arizona.

2. Bubblr, Inc. is a Wyoming corporation with its principal place of business and principal office address at 30 N. Gould St., Ste. R, Sheridan, WY 82801. Bubblr was incorporated as a Wyoming corporation.

## JURISDICTION AND VENUE

3. Petitioner incorporates by reference all above allegations herein.

4. Jurisdiction is proper in the U.S. District Court for the District of Wyoming pursuant to 28 U.S.C. § 1332, as the amount in controversy exceeds $75,000.00 and complete diversity of citizenship exists between Bubblr, Inc., a corporation incorporated in Wyoming and with its principal office address in Wyoming, and GHS Investments, LLC, which is not a citizen of Wyoming.

5. Venue is proper in this District under 28 U.S.C. § 1391(b) as this district is where Bubblr, Inc. resides because it was incorporated in Wyoming.

## GENERAL ALLEGATIONS

6. Petitioner incorporates by reference all above allegations herein.

7. As a shareholder, GHS is requesting that Robert Stevens, an uninterested third party, is appointed custodian or receiver over this Wyoming corporation.

8. Mr. Stevens is a member of the National Association of Federal Equity Receivers and has been appointed as a Receiver or Custodian in over 26 distressed or special situation cases across state and federal courts in multiple jurisdictions.

9. Mr. Stevens has not been the subject of any previous criminal administrative, civil, National Association of Securities Dealers, Inc. or Security and Exchange Commission investigations, violations, or convictions.

10. GHS invested with Bubblr under the Agreement.

11. On March 7, 2022, GHS disbursed $300,000 to Bubblr in accordance with the Agreement in consideration for three hundred thirty-five (335) shares of Preferred Stock in Bubblr at a price of $1,000 per share; the additional 35 shares were provided as an equity incentive.

12. GHS also received a Certificate of Designation as part of this investment ("Certificate of Designation").

13. A Series C Preferred Stock Common Amendment was filed with the Secretary of State in Wyoming on or about March 23, 2022, to reflect the Agreement and Certificate of Designation ("Amendment").

14. In addition, Bubblr was to concurrently issue a "Warrant to purchase up to a number of Warrant Shares equal to 75% of the number of shares of Conversion Shares issuable upon conversion of the Preferred Stock issued at the Initial Closing."

15. GHS was provided with a common stock purchase warrant for 1,942,161 warrant shares on March 4, 2022, at an exercise price of $0.3404 per share; this was later amended to reflect 941,599 warrant shares.

16. Additional closings occurred upon the satisfaction of applicable deliveries and closing conditions.

17. On April 25, 2022, GHS disbursed $200,000 for 200 preferred shares and received 528,790 warrant shares as part of the second tranche with the exercise price of $0.3503.

18. On May 25, 2022, GHS disbursed $100,000 for 100 preferred shares and received 281,074 warrant shares as part of the third tranche with an exercise price of $0.217.

19. On June 24, 2022, GHS disbursed $100,000 for 100 preferred shares and received 281,074 warrant shares as part of the fourth tranche with an exercise price of $0.2236.

20. In August 2022, GHS waived a prohibition on lending contained in the Certificate of Designation (the "Waiver").

21. GHS agreed to waive certain rights to allow the founder of Bubblr, Steven Morris, to loan up to $600,000 to fund Bubblr's operations in exchange for "281,000 shares of common stock" in Bubblr "at a date prior to [Bubblr] registering any further securities with the Securities and Exchange Commission."

22. Steven Morris is Bubblr's Founder, CEO, President, Chief Platform Officer & Chairman.

23. Bubblr did not honor its obligations under the Agreement and the Certificate of Designation with GHS and concealed or mischaracterized the use of the proceeds.

24. The Waiver specified that the shares would not be convertible; however, upon information and belief, conversion shares were issued to Mr. Morris, and he has sold these shares to third

parties to raise capital.

25. Upon information and belief, Mr. Morris is inflating the note provided by GHS's Waiver to conduct private sales to individuals, raise funds for Bubblr, and, subsequently, misappropriating these funds.

26. Upon information and belief, other shareholders are complicit in buying Mr. Morris's shares and promoting the stock while precluding GHS from accessing their shares.

27. Upon information and belief, Bubblr diverted the proceeds to insider compensation and permitted or conducted selling activity adverse to investors, while concealing material facts regarding misappropriation and insider shares.

28. In December 2024, GHS attempted to exercise conversion rights for $0.01 per share but Bubblr refused to honor the agreement.

29. In September 2025, Mr. Morris communicated to GHS regarding an issuance of 7.5 million shares after GHS requested a partial conversion of preferred shares. Mr. Morris offered GHS a structured financial settlement in the alternative because "there was a substantial investment deal coming in that would allow them to transfer funds before October 1, 2025."

30. Mr. Morris stated that he was wary of a "Stock Promotion" flag in over-the-counter markets, which could jeopardize ongoing trading and risk renewed scrutiny.

31. Upon information and belief, Mr. Morris was complicit in the "Stock Promotion" flag and asked two investors to intervene; these investors are likely also complicit in the promotion.

32. The proposed settlement was for a total of $1.2 million, payable in two stages on October 1, 2025, and February 1, 2026.

33. If the first payment was not made on October 1, 2025, the 7.5 million shares were to be

issued as per the Agreement and the Certificate of Designation.

34. In exchange, GHS was asked to refrain from selling additional stock and to allow Bubblr to proceed unencumbered by their Agreement and the Certificate of Designation.

35. GHS sent a counteroffer, which was never accepted, and was met with delay by Mr. Morris.

36. Negotiations continued until Bubblr went silent.

37. Bubblr did not issue the 7.5 million shares or any payment by December 1, 2025.

38. Rather, Bubblr used delay tactics, such as continuously stating that funds were coming, listing various reasons for delay, and switching representatives to speak with GHS.

39. Bubblr defaulted on multiple obligations under the Agreement and the Certificate of Designation, and withheld conversions despite contractual maturity.

40. Bubblr's counsel acknowledged that issuance of shares was due, yet Bubblr continued to withhold conversion shares.

41. Additionally, Bubblr has failed to maintain a registration statement with the US Securities and Exchange Commission ("SEC") for the Preferred Shares and has not paid dividends when due.

42. Furthermore, Bubblr executed a Securities Purchase Agreement on July 15, 2025, for a Convertible Promissory Note, executed a second tranche Convertible Promissory Note on August 15, 2025, and on September 30, 2025, the outstanding principal on convertible loan notes was $114,000.

43. The trading activity on Bubblr spiked on or around July 15th, August 15th and September 29th.

44. Upon information and belief, the activity around July 15th, August 15th, and September 30th indicates that the stock was being promoted or manipulated while Mr. Morris and his cohorts

were selling to each other and into the market.

45. Upon information and belief, an individual, Joachim Swensson, bought 5.855 percent of Bubblr shares from Mr. Morris, which evidences that Mr. Morris was raising money while failing to redeem GHS's positions and granting others' rights to securities during that time.

46. Critically, the self-dealing activity demonstrated above is reflected in Bubblr's 10-Q filing with the SEC from June 30, 2025.

47. Total assets were roughly $1.36 million and total liabilities were roughly $3.69 million, reflecting a deficit of roughly $2.33 million.

48. Additionally, Bubblr has current assets of $8,962 and liabilities of $2,388,568 reflecting a massive working capital deficit.

49. Cash on hand is only $4,104 demonstrating immediate liquidity failure.

50. For the six-month period ending June 30, 2025, Bubblr suffered a net loss of $650,760; six-month revenues were $1,353 and operating expenses were $658,475 demonstrating that there is no viable revenue model.

51. Bubblr's cumulative deficit was $17,511,548, as of June 30, 2025.

52. Bubblr has expressly disclosed that "significant doubt persists regarding the company's ability to continue as a going concern."

53. Related-party debt of roughly $1.28 million owed to Mr. Morris is currently ahead of investors, which increases risk of insider preference; Mr. Morris has conceded that this debt doesn't just reflect capital loaned to the Company.

54. Bubblr has no accessible source of liquidity and is operating at a loss.

55. The financial condition reflects insolvency or imminent insolvency, exposing investors and

creditors to further dissipation, absent neutral control.

56. GHS, a Bubblr shareholder, estimates its total damages from these actions to be approximately $1,918,368.16 to date.

57. As a shareholder in Bubblr, GHS brings this action to appoint a custodian or receiver to prevent continued fraudulent activity and irreparable harm to the Company and its shareholders.

**APPOINTMENT OF CUSTODIAN OR RECEIVER**
**Pursuant To Wyoming Statute § 17-16-748**

58. Petitioner incorporates all above allegations herein by reference.

59. In pertinent part, Wyoming Statute § 17-16-748 reads as follows:

> (a) The district court may appoint one (1) or more persons to be custodians, or, if the corporation is insolvent, to be receivers, of and for a corporation in a proceeding by a shareholder where it is established that:
>
> . . .
>
> (ii) The directors or those in control of the corporation are acting fraudulently and irreparable injury to the corporation is threatened or being suffered.
>
> (b) The court:
>
> > (i) May issue injunctions, appoint a temporary custodian or temporary receiver with all the powers and duties the court directs, take other action to preserve the corporate assets wherever located, and carry on the business of the corporation until a full hearing is held;
> >
> > (ii) Shall hold a full hearing, after notifying all parties to the proceeding and any interested persons designated by the court, before appointing a custodian or receiver; and
> >
> > (iii) Has jurisdiction over the corporation and all of its property, wherever located.
>
> (c) The court may appoint an individual or domestic or foreign corporation authorized to transact business in this state as a custodian or receiver and may require the custodian or receiver to post bond, with or without sureties, in an amount the court directs.

> (d) The court shall describe the powers and duties of the custodian or receiver in its appointing order, which may be amended from time to time. Among other powers:
>
> > (i) A custodian may exercise all of the powers of the corporation, through or in place of its board of directors, to the extent necessary to manage the business and affairs of the corporation; and
> >
> > (ii) A receiver:
> >
> > > (A) May dispose of all or any part of the assets of the corporation wherever located, at a public or private sale, if authorized by the court; and
> > >
> > > (B) May sue and defend in the receiver's own name as receiver in all courts of this state.
>
> (e) The court during a custodianship may redesignate the custodian a receiver, and during a receivership may redesignate the receiver a custodian, if doing so is in the best interests of the corporation.
>
> (f) The court from time to time during the custodianship or receivership may order compensation paid and expense disbursements or reimbursements made to the custodian or receiver from the assets of the corporation or proceeds from the sale of its assets.

WYO. STAT. § 17-16-748.

60. GHS qualifies for relief under Subsection (a)(ii) as a shareholder of a Wyoming corporation that can demonstrate the required elements.

61. Bubblr is acting fraudulently by diverting investment proceeds to insider compensation and permitting or conducting selling activity adverse to investors, while concealing material facts regarding misappropriation and insider shares. Furthermore, Bubblr has defaulted on obligations and withheld conversions despite contractual maturity.

62. Irreparable injury is threatened and being suffered. Bubblr is in a massive deficit, suffering liquidity failure, and Bubblr has expressly disclosed that "significant doubt persists regarding the

company's ability to continue as a going concern."

63. The financial condition reflects insolvency or imminent insolvency, exposing investors and creditors to further dissipation, absent neutral control.

64. As such, GHS brings this action as a shareholder in Bubblr. GHS requests that this Court appoint Mr. Stevens as the custodian or receiver for Bubblr. Mr. Stevens should be granted all powers allowed under Wyoming law to freeze all fraudulent activity, preserve Company assets and navigate the Company away from its current distressed state.

65. If appointed custodian or receiver, Mr. Stevens will follow this Court's order and provide any updates the Court requests.

**APPOINTMENT OF RECEIVER**
**Pursuant To Wyoming Statute § 1-33-101(A)(vii), (viii)**

66. Petitioner incorporates all above allegations herein by reference.

67. In the event the Court does not find the facts alleged in this situation do not rise to the level required in Wyoming Statute § 17-16-748, GHS requests relief based upon Wyoming Statute § 1-33-101(a)(vii), (viii) which reads as follows:

> (a) A receiver may be appointed by the district court in the following actions or cases:
>
> ***
>
> (vii) When a corporation has been dissolved or is insolvent or in imminent danger of insolvency or has forfeited its corporate rights; and
>
> (viii) In all other cases where receivers have been appointed by courts of equity.

WYO. STAT. § 1-33-101.

68. Bubblr is insolvent or in imminent danger of insolvency according to Bubblr's 10-Q report with the SEC for June 30, 2025 and as alleged herein.

69. As such, GHS brings this action as a shareholder in Bubblr. GHS requests that this Court appoint Mr. Stevens as the receiver for Bubblr. Mr. Stevens should be granted all powers allowed under Wyoming law to freeze all fraudulent activity and put the Company back on track.

70. If appointed receiver, Mr. Stevens will follow this Court's order and provide any updates the Court requests.

## APPOINTMENT OF RECEIVER
**Pursuant to Federal Rules of Civil Procedure Rule 66. Receivers**

71. Petitioner incorporates all above allegations herein by reference.

72. In the event the Court does not find relief under the State statutes appropriate, GHS requests relief based upon Rule 66 of the Federal Rules of Civil Procedure, which reads as follows:

> These rules govern an action in which the appointment of a receiver is sought or a receiver sues or is sued. But the practice in administering an estate by a receiver or a similar court-appointed officer must accord with the historical practice in federal courts or with a local rule. An action in which a receiver has been appointed may be dismissed only by court order.

73. Bubblr's management has misappropriated assets for management's gain and withheld conversions despite contractual maturity.

74. Bubblr is insolvent or in imminent danger of insolvency according to Bubblr's 10-Q report with the SEC for June 30, 2025.

75. Under the circumstances as alleged herein, there is a probability that fraudulent conduct has occurred or will occur.

76. GHS's claims are valid and they assist in protecting the Company and its shareholders.

77. Based on the circumstances in this case, there is an imminent danger that property will be

concealed, lost, or diminished in value.

78. If the Company is run further into debt and into the ground, there will be an inadequacy of other legal remedies.

79. This is a properly tailored equitable remedy to protect the Company.

80. There is likelihood that appointing a receiver will do more good than harm.

81. As such, GHS brings this action as a shareholder in Bubblr. GHS requests that this Court appoint Mr. Stevens as the receiver for Bubblr. Mr. Stevens should be granted all powers allowed under Wyoming law to freeze all fraudulent activity and put the Company back on track.

82. If appointed receiver, Mr. Stevens will follow this Court's order and provide any updates the Court requests.

## PRAYER FOR RELIEF

WHEREFORE, based on the foregoing allegations and claims for relief, Petitioner requests the Court appoint Robert Stevens as custodian or receiver of Bubblr, Inc., allowing him to exercise all of the powers of the corporation, through or in place of its board of directors, to the extent necessary to manage the business and affairs of the corporation pursuant to Wyoming and Federal statutes, and for such other relief as the Court may deem just and proper.

DATED this 16th day of January, 2026.

GHS INVESTMENTS, LLC, PETITIONER

By: */s/ Sean Larson*

Sean M. Larson, Wyo. Bar #7-5112
Connor J. Cassidy, Wyo. Bar #8-7270
HATHAWAY & KUNZ, LLP
P. O. Box 1208
Cheyenne, WY 82003-1208
(307) 634-7723
(307) 634-0985 (fax)
slarson@hkwyolaw.com
ccassidy@hkwyolaw.com

ATTORNEYS FOR PETITIONER

# EXHIBIT 2

EXHIBIT 2

Sean M. Larson, Wyo. Bar #7-5112
Connor J. Cassidy, Wyo. Bar #8-7270
HATHAWAY & KUNZ, LLP
P.O. Box 1208
Cheyenne, WY 82003-1208
(307) 634-7723
(307) 634-0985 (fax)
slarson@hkwyolaw.com
ccassidy@hkwyolaw.com

ATTORNEYS FOR PETITIONER

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| IN THE MATTER OF:<br>BUBBLR, INC.,<br>a Wyoming Corporation,<br><br>GHS INVESTMENTS, LLC,<br>a Nevada Limited Liability Company,<br><br>Petitioner. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 2:26-CV-20 |

**FIRST AMENDED PETITION FOR APPOINTMENT OF CUSTODIAN OR RECEIVER FOR CORPORATION**

Petitioner GHS Investments, LLC ("GHS"), by and through undersigned counsel, HATHAWAY & KUNZ, LLP, submits this petition for appointment as custodian or receiver for Bubblr, Inc. ("Bubblr") as follows:

## NATURE OF THE ACTION

This is a case concerning corporate malfeasance which adversely affects the shareholders of Bubblr, including GHS. GHS invested with Bubblr under a Securities Purchase Agreement on or about March 4, 2022 ("Agreement"). Bubblr did not honor its obligations under their Agreement with GHS. Rather, Bubblr diverted GHS's investment to salaries, did not allocate funds to the requisite purposes, defaulted on its obligations under the Agreement, and withheld conversions as required by the Agreement despite contractual maturity. Bubblr concealed or mischaracterized the

use of the proceeds from GHS. GHS communicated their concerns to Bubblr but were met with delay tactics and lack of communication. GHS's investments were, and are currently being, misappropriated for Bubblr's management's gain. Irreparable injury is being threatened or suffered as Bubblr is insolvent or in imminent danger of insolvency. As such, a custodian or receiver should be appointed immediately to prevent any such damage to the Company's shareholders, including GHS.

## PARTIES

1. GHS Investments, LLC ("GHS") is a Nevada limited liability company with its principal office address at 420 Jericho Turnpike, Suite 102, Jericho, NY, United States. GHS's Members are domiciled in New York and Arizona.

2. Bubblr, Inc. is a Wyoming corporation with its principal place of business and principal office address at 30 N. Gould St., Ste. R, Sheridan, WY 82801. Bubblr was incorporated as a Wyoming corporation.

## JURISDICTION AND VENUE

3. Petitioner incorporates by reference all above allegations herein.

4. Jurisdiction is proper in the U.S. District Court for the District of Wyoming pursuant to 28 U.S.C. § 1332, as the amount in controversy exceeds $75,000.00 and complete diversity of citizenship exists between Bubblr, Inc., a corporation incorporated in Wyoming and with its principal office address in Wyoming, and GHS Investments, LLC, which is not a citizen of Wyoming.

5. Venue is proper in this District under 28 U.S.C. § 1391(b) as this district is where Bubblr, Inc. resides because it was incorporated in Wyoming.

## GENERAL ALLEGATIONS

6. Petitioner incorporates by reference all above allegations herein.

7. As a shareholder, GHS is requesting that Robert Stevens, an uninterested third party, is appointed custodian or receiver over this Wyoming corporation.

8. Mr. Stevens is a member of the National Association of Federal Equity Receivers and has been appointed as a Receiver or Custodian in over 26 distressed or special situation cases across state and federal courts in multiple jurisdictions.

9. Mr. Stevens has never been a respondent in any enforcement action or formal proceeding initiated by any state or federal securities regulator or other governmental authority, and he is not disqualified from serving as a custodian, receiver, or in any other fiduciary capacity in any court proceeding.

10. GHS invested with Bubblr under the Agreement.

11. On March 7, 2022, GHS disbursed $300,000 to Bubblr in accordance with the Agreement in consideration for three hundred thirty-five (335) shares of Preferred Stock in Bubblr at a price of $1,000 per share; the additional 35 shares were provided as an equity incentive.

12. GHS also received a Certificate of Designation as part of this investment ("Certificate of Designation").

13. A Series C Preferred Stock Common Amendment was filed with the Secretary of State in Wyoming on or about March 23, 2022, to reflect the Agreement and Certificate of Designation ("Amendment").

14. In addition, Bubblr was to concurrently issue a "Warrant to purchase up to a number of Warrant Shares equal to 75% of the number of shares of Conversion Shares issuable upon

conversion of the Preferred Stock issued at the Initial Closing."

15. GHS was provided with a common stock purchase warrant for 1,942,161 warrant shares on March 4, 2022, at an exercise price of $0.3404 per share; this was later amended to reflect 941,599 warrant shares.

16. Additional closings occurred upon the satisfaction of applicable deliveries and closing conditions.

17. On April 25, 2022, GHS disbursed $200,000 for 200 preferred shares and received 528,790 warrant shares as part of the second tranche with the exercise price of $0.3503.

18. On May 25, 2022, GHS disbursed $100,000 for 100 preferred shares and received 281,074 warrant shares as part of the third tranche with an exercise price of $0.217.

19. On June 24, 2022, GHS disbursed $100,000 for 100 preferred shares and received 281,074 warrant shares as part of the fourth tranche with an exercise price of $0.2236.

20. In August 2022, GHS waived a prohibition on lending contained in the Certificate of Designation (the "Waiver").

21. GHS agreed to waive certain rights to allow the founder of Bubblr, Steven Morris, to loan up to $600,000 to fund Bubblr's operations in exchange for "281,000 shares of common stock" in Bubblr "at a date prior to [Bubblr] registering any further securities with the Securities and Exchange Commission."

22. Steven Morris is Bubblr's Founder, CEO, President, Chief Platform Officer & Chairman.

23. Bubblr did not honor its obligations under the Agreement and the Certificate of Designation with GHS and concealed or mischaracterized the use of the proceeds.

24. The Waiver specified that the shares would not be convertible; however, upon information

and belief, conversion shares were issued to Mr. Morris, and he has sold these shares to third parties to raise capital.

25. Upon information and belief, Mr. Morris is inflating the note provided by GHS's Waiver to conduct private sales to individuals, raise funds for Bubblr, and, subsequently, misappropriating these funds.

26. Upon information and belief, other shareholders are complicit in buying Mr. Morris's shares and promoting the stock while precluding GHS from accessing their shares.

27. Upon information and belief, Bubblr diverted the proceeds to insider compensation and permitted or conducted selling activity adverse to investors, while concealing material facts regarding misappropriation and insider shares.

28. In December 2024, GHS attempted to exercise conversion rights for $0.01 per share but Bubblr refused to honor the agreement.

29. In September 2025, Mr. Morris communicated to GHS regarding an issuance of 7.5 million shares after GHS requested a partial conversion of preferred shares. Mr. Morris offered GHS a structured financial settlement in the alternative because "there was a substantial investment deal coming in that would allow them to transfer funds before October 1, 2025."

30. Mr. Morris stated that he was wary of a "Stock Promotion" flag in over-the-counter markets, which could jeopardize ongoing trading and risk renewed scrutiny.

31. Upon information and belief, Mr. Morris was complicit in the "Stock Promotion" flag and asked two investors to intervene; these investors are likely also complicit in the promotion.

32. The proposed settlement was for a total of $1.2 million, payable in two stages on October 1, 2025, and February 1, 2026.

33. If the first payment was not made on October 1, 2025, the 7.5 million shares were to be issued as per the Agreement and the Certificate of Designation.

34. In exchange, GHS was asked to refrain from selling additional stock and to allow Bubblr to proceed unencumbered by their Agreement and the Certificate of Designation.

35. GHS sent a counteroffer, which was never accepted, and was met with delay by Mr. Morris.

36. Negotiations continued until Bubblr went silent.

37. Bubblr did not issue the 7.5 million shares or any payment by December 1, 2025.

38. Rather, Bubblr used delay tactics, such as continuously stating that funds were coming, listing various reasons for delay, and switching representatives to speak with GHS.

39. Bubblr defaulted on multiple obligations under the Agreement and the Certificate of Designation, and withheld conversions despite contractual maturity.

40. Bubblr's counsel acknowledged that issuance of shares was due, yet Bubblr continued to withhold conversion shares.

41. Additionally, Bubblr has failed to maintain a registration statement with the US Securities and Exchange Commission ("SEC") for the Preferred Shares and has not paid dividends when due.

42. Furthermore, Bubblr executed a Securities Purchase Agreement on July 15, 2025, for a Convertible Promissory Note, executed a second tranche Convertible Promissory Note on August 15, 2025, and on September 30, 2025, the outstanding principal on convertible loan notes was $114,000.

43. The trading activity on Bubblr spiked on or around July 15th, August 15th and September 29th.

44. Upon information and belief, the activity around July 15th, August 15th, and September

30th indicates that the stock was being promoted or manipulated while Mr. Morris and his cohorts were selling to each other and into the market.

45. Upon information and belief, an individual, Joachim Swensson, bought 5.855 percent of Bubblr shares from Mr. Morris, which evidences that Mr. Morris was raising money while failing to redeem GHS's positions and granting others' rights to securities during that time.

46. Critically, the self-dealing activity demonstrated above is reflected in Bubblr's 10-Q filing with the SEC from June 30, 2025.

47. Total assets were roughly $1.36 million and total liabilities were roughly $3.69 million, reflecting a deficit of roughly $2.33 million.

48. Additionally, Bubblr has current assets of $8,962 and liabilities of $2,388,568 reflecting a massive working capital deficit.

49. Cash on hand is only $4,104 demonstrating immediate liquidity failure.

50. For the six-month period ending June 30, 2025, Bubblr suffered a net loss of $650,760; six-month revenues were $1,353 and operating expenses were $658,475 demonstrating that there is no viable revenue model.

51. Bubblr's cumulative deficit was $17,511,548, as of June 30, 2025.

52. Bubblr has expressly disclosed that "significant doubt persists regarding the company's ability to continue as a going concern."

53. Related-party debt of roughly $1.28 million owed to Mr. Morris is currently ahead of investors, which increases risk of insider preference; Mr. Morris has conceded that this debt doesn't just reflect capital loaned to the Company.

54. Bubblr has no accessible source of liquidity and is operating at a loss.

55. The financial condition reflects insolvency or imminent insolvency, exposing investors and creditors to further dissipation, absent neutral control.

56. GHS, a Bubblr shareholder, estimates its total damages from these actions to be approximately $1,918,368.16 to date.

57. As a shareholder in Bubblr, GHS brings this action to appoint a custodian or receiver to prevent continued fraudulent activity and irreparable harm to the Company and its shareholders.

**<u>APPOINTMENT OF CUSTODIAN OR RECEIVER</u>**
**Pursuant To Wyoming Statute § 17-16-748**

58. Petitioner incorporates all above allegations herein by reference.

59. In pertinent part, Wyoming Statute § 17-16-748 reads as follows:

> (a) The district court may appoint one (1) or more persons to be custodians, or, if the corporation is insolvent, to be receivers, of and for a corporation in a proceeding by a shareholder where it is established that:
>
> . . .
>
> (ii) The directors or those in control of the corporation are acting fraudulently and irreparable injury to the corporation is threatened or being suffered.
>
> (b) The court:
>
> (i) May issue injunctions, appoint a temporary custodian or temporary receiver with all the powers and duties the court directs, take other action to preserve the corporate assets wherever located, and carry on the business of the corporation until a full hearing is held;
>
> (ii) Shall hold a full hearing, after notifying all parties to the proceeding and any interested persons designated by the court, before appointing a custodian or receiver; and
>
> (iii) Has jurisdiction over the corporation and all of its property, wherever located.
>
> (c) The court may appoint an individual or domestic or foreign corporation authorized to transact business in this state as a custodian or receiver and may

> require the custodian or receiver to post bond, with or without sureties, in an amount the court directs.
>
> (d) The court shall describe the powers and duties of the custodian or receiver in its appointing order, which may be amended from time to time. Among other powers:
>
> > (i) A custodian may exercise all of the powers of the corporation, through or in place of its board of directors, to the extent necessary to manage the business and affairs of the corporation; and
> >
> > (ii) A receiver:
> >
> > > (A) May dispose of all or any part of the assets of the corporation wherever located, at a public or private sale, if authorized by the court; and
> > >
> > > (B) May sue and defend in the receiver's own name as receiver in all courts of this state.
>
> (e) The court during a custodianship may redesignate the custodian a receiver, and during a receivership may redesignate the receiver a custodian, if doing so is in the best interests of the corporation.
>
> (f) The court from time to time during the custodianship or receivership may order compensation paid and expense disbursements or reimbursements made to the custodian or receiver from the assets of the corporation or proceeds from the sale of its assets.

WYO. STAT. § 17-16-748.

60. GHS qualifies for relief under Subsection (a)(ii) as a shareholder of a Wyoming corporation that can demonstrate the required elements.

61. Bubblr is acting fraudulently by diverting investment proceeds to insider compensation and permitting or conducting selling activity adverse to investors, while concealing material facts regarding misappropriation and insider shares. Furthermore, Bubblr has defaulted on obligations and withheld conversions despite contractual maturity.

62. Irreparable injury is threatened and being suffered. Bubblr is in a massive deficit, suffering

liquidity failure, and Bubblr has expressly disclosed that "significant doubt persists regarding the company's ability to continue as a going concern."

63. The financial condition reflects insolvency or imminent insolvency, exposing investors and creditors to further dissipation, absent neutral control.

64. As such, GHS brings this action as a shareholder in Bubblr. GHS requests that this Court appoint Mr. Stevens as the custodian or receiver for Bubblr. Mr. Stevens should be granted all powers allowed under Wyoming law to freeze all fraudulent activity, preserve Company assets and navigate the Company away from its current distressed state.

65. If appointed custodian or receiver, Mr. Stevens will follow this Court's order and provide any updates the Court requests.

**APPOINTMENT OF RECEIVER**
**Pursuant To Wyoming Statute § 1-33-101(A)(vii), (viii)**

66. Petitioner incorporates all above allegations herein by reference.

67. In the event the Court does not find the facts alleged in this situation do not rise to the level required in Wyoming Statute § 17-16-748, GHS requests relief based upon Wyoming Statute § 1-33-101(a)(vii), (viii) which reads as follows:

> (a) A receiver may be appointed by the district court in the following actions or cases:
>
> ***
>
> (vii) When a corporation has been dissolved or is insolvent or in imminent danger of insolvency or has forfeited its corporate rights; and
>
> (viii) In all other cases where receivers have been appointed by courts of equity.

WYO. STAT. § 1-33-101.

68. Bubblr is insolvent or in imminent danger of insolvency according to Bubblr's 10-Q report

with the SEC for June 30, 2025 and as alleged herein.

69. As such, GHS brings this action as a shareholder in Bubblr. GHS requests that this Court appoint Mr. Stevens as the receiver for Bubblr. Mr. Stevens should be granted all powers allowed under Wyoming law to freeze all fraudulent activity and put the Company back on track.

70. If appointed receiver, Mr. Stevens will follow this Court's order and provide any updates the Court requests.

## APPOINTMENT OF RECEIVER
**Pursuant to Federal Rules of Civil Procedure Rule 66. Receivers**

71. Petitioner incorporates all above allegations herein by reference.

72. In the event the Court does not find relief under the State statutes appropriate, GHS requests relief based upon Rule 66 of the Federal Rules of Civil Procedure, which reads as follows:

> These rules govern an action in which the appointment of a receiver is sought or a receiver sues or is sued. But the practice in administering an estate by a receiver or a similar court-appointed officer must accord with the historical practice in federal courts or with a local rule. An action in which a receiver has been appointed may be dismissed only by court order.

73. Bubblr's management has misappropriated assets for management's gain and withheld conversions despite contractual maturity.

74. Bubblr is insolvent or in imminent danger of insolvency according to Bubblr's 10-Q report with the SEC for June 30, 2025.

75. Under the circumstances as alleged herein, there is a probability that fraudulent conduct has occurred or will occur.

76. GHS's claims are valid and they assist in protecting the Company and its shareholders.

77. Based on the circumstances in this case, there is an imminent danger that property will be concealed, lost, or diminished in value.

78. If the Company is run further into debt and into the ground, there will be an inadequacy of other legal remedies.

79. This is a properly tailored equitable remedy to protect the Company.

80. There is likelihood that appointing a receiver will do more good than harm.

81. As such, GHS brings this action as a shareholder in Bubblr. GHS requests that this Court appoint Mr. Stevens as the receiver for Bubblr. Mr. Stevens should be granted all powers allowed under Wyoming law to freeze all fraudulent activity and put the Company back on track.

82. If appointed receiver, Mr. Stevens will follow this Court's order and provide any updates the Court requests.

## PRAYER FOR RELIEF

WHEREFORE, based on the foregoing allegations and claims for relief, Petitioner requests the Court appoint Robert Stevens as custodian or receiver of Bubblr, Inc., allowing him to exercise all of the powers of the corporation, through or in place of its board of directors, to the extent necessary to manage the business and affairs of the corporation pursuant to Wyoming and Federal statutes, and for such other relief as the Court may deem just and proper.

DATED this 30th day of January, 2026.

GHS INVESTMENTS, LLC, PETITIONER

By: */s/ Sean Larson*
Sean M. Larson, Wyo. Bar #7-5112
Connor J. Cassidy, Wyo. Bar #8-7270
HATHAWAY & KUNZ, LLP
P. O. Box 1208
Cheyenne, WY 82003-1208
(307) 634-7723
(307) 634-0985 (fax)
slarson@hkwyolaw.com
ccassidy@hkwyolaw.com

ATTORNEYS FOR PETITIONER

# EXHIBIT 3

EXHIBIT 3

FILED

9:54 am, 8/18/26

Margaret Botkins
Clerk of Court

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

IN THE MATTER OF:
BUBBLR, INC., a Wyoming Corporation,

GHS INVESTMENTS, LLC, a Nevada Limited Liability Company

Petitioner,

Case No. 26-cv-20-ABJ

**ORDER GRANTING MOTION FOR APPOINTMENT OF RECEIVER FOR BUBBLR, INC.**

This matter is before the Court Petitioner GHS Investments, LLC's Motions for Appointment of Custodian or, in the Alternative, Receiver for Bubblr, Inc. (ECF Nos. 13). The Court has reviewed the motion and attached affidavits, the declaration of Steve Morris, and Petitioner's supplement, and is fully informed in the premise.

The Court finds that Petitioner's motion is appropriate based on the merits of the petition that have been deemed confessed by Bubblr, Inc. In May, Steve Morris, Founder and Chief Executive Officer of Bubblr requested an extension of time to obtain counsel before the Court considered the motion. (ECF No. 15). Yet, more than 30 days have elapsed and Bubblr still has not retained counsel or otherwise provide information to negate the merits of Petitioner's request.

Additionally, as set out by Petitioner in its recent supplement, the value of the company and its assets continue to diminish, and the company's accountant has recently

resigned. For these reasons the Court finds that it appropriate to GRANT Petitioner's motions.

**IT IS ORDERED** that Petitioner's Motion for Appointment of Receiver (ECF No. 13) is **GRANTED.**

**IT IS FURTHER ORDERED** that Robert Stevens is hereby appointed as Receiver for Bubblr, Inc., a Wyoming corporation, effective immediately upon entry of this Order.

**IT IS FURTHER ORDERED** that the Receiver is granted all powers allowed under Wyoming law, including the full powers of the corporation's board of directors, to the extent necessary to manage the business and affairs of Bubblr, Inc., freeze any fraudulent activity, and preserve corporate assets pending further order of this Court.

**IT IS FINALLY ORDERED** that Petitioner's second motion to appoint receiver (ECF No. 14), Steve Morris's request for extension of time, and Petitioner's request for a hearing (ECF No. 19) are deemed **MOOT.**

Dated this 18th day of August, 2026.

Alan B. Johnson
United States District Judge